IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Michael Lee Montgomery, II, | ) | Case No. 3:15-cv-4039-JFA-MGB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| City of Columbia, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This case is before the Court for initial review. Plaintiff is proceeding *pro se* and *in forma pauperis*. Plaintiff sues the City of Columbia, alleging that city police officers "infringed his right to freedom" by questioning him after they received a complaint about a trespasser matching Plaintiff's description. Pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge. Pursuant to Local Civil Rule 73.02(B)(2), the Magistrate Judge is authorized to review the complaint and submit findings and recommendations to the District Judge. Having carefully reviewed the record, the Magistrate Judge recommends that the case be **summarily dismissed** for the following reasons:

## I. Standard of Review

### A. Initial Review for non-prisoner IFP complaints

Title 28 U.S.C.A. § 1915(e) governs IFP filings and provides that a district court must dismiss an action that the court finds to be frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C.A. § 1915(e)(2)(B)(i-iii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). As

for a failure to state a claim, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. Although *pro se* complaints are liberally construed, a plaintiff must do more than make vague and conclusory statements to state a claim for relief. *Adams v. Rice*, 40 F.3d 72, 74–75 (4th Cir.1994), *cert. denied*, 514 U.S. 1022 (1995); *White v. White*, 886 F.2d 721, 723 (4th Cir.1989). A plaintiff must allege facts that actually support a plausible claim for relief. *Bass v. Dupont*, 324 F.3d 761, 765 (4th Cir.2003), *cert. denied*, 540 U.S. 940 (2003).

### B. Liberal Construction for *Pro se* filings

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5 (1980) (per curiam). The liberal construction afforded *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim, it should do so, but a district court may not rewrite a complaint to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't. of Soc. Servs*., 901 F.2d 387 (4th Cir. 1990).

## II. Discussion

Although Plaintiff does not mention 42 U.S.C. § 1983 or any specific constitutional right, he alleges that his "freedom" was "infringed" when he was detained and questioned by the police. Therefore, Plaintiff's Complaint is liberally construed as a § 1983 claim based on the Fourth Amendment. To state a claim under § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

In his own words, Plaintiff alleges that in February 2016, he was approached by two city police officers. Plaintiff states that "they asked me to walk to their car so that they could ask me some questions." (DE# 1 at 3, ¶ III "Statement of Claim"). Plaintiff does not allege that he was coerced or intimidated. The officers indicated they had received a complaint from a "neighbor at the top of the park….that someone was in their yard" and that Plaintiff matched the description of the reported trespasser. (*Id.*). According to Plaintiff, he walked to the cruiser, where a witness identified Plaintiff as the person seen trespassing in the yard. Plaintiff denied being the trespasser. Plaintiff indicates the police officers explained to him that he was not under arrest. However, he was then hand-cuffed and transported to the police station for further questioning. He says he was questioned for 30 minutes and then was told he was free to go. He does not complain about the use of excessive force or any injury, and acknowledges that he was not arrested at the conclusion of questioning.

In his Complaint, Plaintiff speculates about the motivation of the police officers, as follows:

> After I thought about this situation, I tend to believe that the police fabricated this story about someone's yard being trespassed upon. I also believe that Governor Nikki Haley knows about this event. My freedom as a United States citizen was infringed upon that Wednesday evening and night by the police and I never broke the law. I am wanting (illegible) Officer (illegible) and also Governor Nikki Haley to the stand to testify about the situation. I also want to find out who called 911 that night and Summons them to testify."

(DE# 1 at 3, as in original). Plaintiff's after-the-fact speculation about possible fabrication makes little sense, given that he states that a witness ("someone in the back of a cop car") identified him as the trespasser in the yard. In any event, his speculation about the possible motivation of the officers provides no basis for a § 1983 claim against the City of Columbia. The Fourth Circuit Court of Appeals has explained that "subjective factors involving motives, intent or propensities are not relevant in a § 1983 case alleging Fourth Amendment violations." *Rowland v. Perry*, 41 F.3d 167, 173 (4th Cir.1994). Plaintiff's speculation that he "believes that Governor Nikki Haley knows about this event" is also irrelevant to his claim against the City of Columbia.

To state a plausible claim, a plaintiff must offer more than conclusory assertions and unsupported speculation. A complaint must include sufficient factual information to advance the plaintiff's right to relief above a speculative level. *See, e.g., Victor v. People of Michigan*, 2011 WL 3440094, *3 (E.D.Mich. Aug. 8, 2011) ("it is clear that Plaintiff believes he was badly mistreated by state authorities, but his personal belief, without supporting facts, is simply not enough to sustain a claim for violations of his civil rights under 42 U.S.C. § 1983. Therefore, no matter … how liberally the Court construes the complaint, it does not state a claim for relief and must be dismissed under 28 U.S.C. § 1915(e)(2)(B).").

The Fourth Amendment guarantees citizens the right "to be secure in their persons ... against unreasonable seizures," but does not prohibit consensual encounters. *Florida v. Bostick*, 501 U.S. 429, 434 (1991) (emphasizing that "a seizure does not occur simply because a police officer approaches an individual and asks a few questions" and reiterating that "since *Terry*, we have held repeatedly that mere police questioning does not constitute a seizure"). An "encounter will not trigger Fourth Amendment scrutiny unless it loses its consensual nature." *Id.* Even assuming that Plaintiff was detained when he was hand-cuffed and transported to the police station,

Plaintiff alleges facts indicating that the officers had reasonable suspicion of criminal activity prior to such detention. *Terry v. Ohio*, 392 U.S. 1, 30 (1968). When determining whether reasonable suspicion exists, courts "look at the totality of the circumstances ... to see whether the detaining officer has a particularized and objective basis for suspecting legal wrongdoing." *United States v. Arvizu*, 534 U.S. 266, 273 (2002).

In his Complaint, Plaintiff acknowledges that the police indicated that they had received a complaint about a trespasser, that Plaintiff matched the description of the reported trespasser, and that a witness identified Plaintiff on site as the trespasser. Even taking the Plaintiff's allegations as true, and liberally construing them, these allegations indicate that the officers had reasonable suspicion to detain Plaintiff for further questioning, consistent with *Terry*. According to the facts alleged in the Complaint, the officers were justified in stopping and briefly detaining the Plaintiff for further questioning. In light of the Plaintiff's own allegations, the Complaint fails to state a claim because the Fourth Amendment prohibits only *unreasonable* seizures.

Plaintiff acknowledges that he answered questions at the request of the police. Although he denied being the trespasser, he indicates another person identified him. Plaintiff was then taken to the police station, questioned for approximately 30 minutes, and released. He was not arrested. Although Plaintiff now complains that he believes his freedom was "infringed," Plaintiff does not allege that he was coerced or intimidated into answering questions, nor does he allege any excessive force or that the scope and duration of the questioning was unreasonable under the circumstances. *See United States v. Vaughan*, 700 F.3d 705, 709 (4th Cir. 2012) (under *Terry*, courts consider whether the continued stop was "sufficiently limited in scope and duration to satisfy the conditions of an investigative seizure") (quoting *Florida v. Royer*, 460 U.S. 491, 500 (1983)). Under the facts alleged in the Complaint, the police had reasonable suspicion to stop and

question Plaintiff. Even when taken as true, and liberally construed, the allegations of the Complaint do not state a claim for violation of the Fourth Amendment guarantee against "unreasonable seizure." U.S.C.A. Const. Amend. 4.

In any event, Plaintiff does not sue the police officers. Rather, he sues the City of Columbia. Without an underlying constitutional violation, there can be no imposition of municipal liability under § 1983. *See Belcher v. Oliver*, 898 F.2d 32, 36 (4th Cir.1990) ("Because it is clear that there was no constitutional violation we need not reach the question of whether a municipal policy was responsible for the officers' actions") (citing *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986)); *Temkin v. Frederick Cty. Comm'rs*, 945 F.2d 716, 724 (4th Cir.1991), *cert. denied*, 502 U.S. 1095 (1992) (without constitutional violation there can be no supervisory liability).

Although Plaintiff sues the City of Columbia, his Complaint does not allege any misconduct undertaken pursuant to any official policy or practice. *See Monell v. N.Y. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). The City of Columbia and the police are not the same for purposes of *Monell*. In *Monell*, the United States Supreme Court explained that liability lies only for municipal policies that cause the alleged constitutional violation and may not be based merely on a theory of *respondeat superior. Id.* In other words, "municipalities are not vicariously liable under § 1983 for their employees' actions." *Connick v. Thompson*, 563 U.S. 51, 60 (2011). Plaintiff's Complaint does not allege any sort of policy or custom of the City. Thus, even supposing that the Complaint stated a claim for violation of Plaintiff's Fourth Amendment rights, "isolated violations of rights will not give rise to *Monell* liability." *Owens v. Baltimore City State's Attorneys Office,* 767 F.3d 379, 403 (4th Cir. 2014), *cert. denied*, 135 U.S. 1893 (2015). In *Owens*, the Fourth Circuit Court of Appeals emphasized that, in order to state a § 1983 claim, a plaintiff must sufficiently plead that city's police department's policy or custom violated his rights. *Id*. As Plaintiff's Complaint does

not allege any policy or custom, his claim against the City of Columbia is therefore subject to summary dismissal.

## III. Conclusion

Accordingly, the Magistrate Judge **RECOMMENDS** that this case be **summarily dismissed**, without prejudice, and without issuance and service of process.

MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

February 19, 2016
Charleston, South Carolina

The plaintiff's attention is directed to the **Important Notice** on following page:

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4ᵗʰ Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).